UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAY J. WHALEY,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>        Defendant. | Case No.  CV 07-5557 AGR<br><br>MEMORANDUM OPINION AND ORDER |

       Plaintiff Kay J. Whaley ("Whaley") filed a complaint on August 24, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on October 1, 2007 and February 27, 2008. The parties filed a Joint Stipulation ("JS") on August 29, 2008, that addresses the disputed issues in the case. The Commissioner filed the certified administrative record ("A.R."). The Court has taken the Joint Stipulation under submission without oral argument.

       Having reviewed the entire file, the Court concludes that the decision of the Commissioner is affirmed.

///

///

///

# I.

## **PROCEDURAL BACKGROUND**

On June 7, 2005, Whaley filed an application for Disability Insurance Benefits. A.R. 15. The application was denied initially and upon reconsideration. A.R. 34-35. Whaley requested a hearing. A.R. 48. The Administrative Law Judge ("ALJ") conducted a hearing on October 25, 2006, at which Whaley and a vocational expert testified. A.R. 231-264. On November 9, 2006, the ALJ issued an order denying benefits. A.R. 12-24. Whaley filed a request for review. A.R. 9. On June 21, 2007, the Appeals Council denied the request for review. A.R. 4-6.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///
///

# III.

# **DISCUSSION**

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. ALJ's Findings

Whaley has "severe impairments of the left ankle and has other conditions." A.R. 23. Whaley alleged bilateral ankle impairments, left shoulder and arm impairments, migraine headaches, irritable bowel syndrome, sleep problems and attention deficit disorder. A.R. 15. The ALJ found that the left ankle impairment was severe but, alternatively, also found that his conclusion that Whaley was not disabled would remain valid even if he considered the other impairments to be severe. A.R. 16.

Whaley has the residual functional capacity for "light work that does not require more than occasional climbing of ramps or stairs, crouching or crawling, requires no climbing of ladders, ropes or scaffolds, and she should avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights." A.R. 23-24. The ALJ found that Whaley "can stand and/or walk 6 of 8 hours and lift/carry 20/10 pounds." A.R. 19; *see* A.R. 16. Alternatively, Whaley was not disabled even if she were limited to standing and/or walking 2 of 8 hours, could lift/carry 10 pounds, and could use her right dominant hand only occasionally. A.R. 19-20.

The ALJ found that Whaley could perform her past work as a loan officer and administrative assistant. A.R. 24. Alternatively, assuming "an additional limitation to only occasional use of her right hand," Whaley would not be able to perform her past

///

relevant work but is capable of performing jobs existing in significant numbers in the national economy. *Id.*

### C.     Treating Physicians

Whaley argues that the ALJ improperly discounted the medical records of three treating physicians, Drs. Avelino, Schultz and Kaufman. (JS at 9.)

***Migraine Headaches***.  Contrary to Whaley's argument, the ALJ acknowledged the diagnosis of migraine headaches which started in high school. A.R. 17. However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir 1993). A claimant must show that she is precluded from engaging in substantial gainful activity by reason of her impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)).

The ALJ found that Whaley's treating physician "does not limit work functions, at least by narrative report." A.R. 17. There is substantial evidence supporting the ALJ's finding. On October 27, 2005, Dr. Schultz, a neurologist, stated that "[w]ith respect to her migraine headaches Ms. Whaley has no limitations in her ability to perform usual activities such as sitting, standing, walking, lifting, carrying or handling objects and there is no interference in mental activities such as memory or understanding wtih respect to her migraine headaches." A.R. 180. Previously, on April 9, 2004, Dr. Schultz noted that Whaley had a "flare-up" of migraine headaches beginning on March 20, 2004 but had subsided by the date of the report. A.R. 181. "The patient has been functioning fairly well with over-the-counter medications and a rare Fiorinal with Codeine and at this time no changes in her medication are being recommended as long as the headaches will remain under fairly good control." *Id.*

Accordingly, the ALJ did not reject Dr. Schultz's report. An ALJ is required to set forth specific and legitimate reasons supported by substantial evidence in the record only when the ALJ ***rejects*** a treating physician's opinion.[1] *See Matthews*, 10 F.3d at

---

[1] Indeed, Whaley's complaint appears to be that the ALJ did ***not*** reject Dr. Schultz's opinion given his underlying medical records diagnosing migraine headaches. (JS at 10.) However, as

4

680-81 (when treating physician did not opine claimant was disabled, ALJ was not required to set forth explanation of reasons).

Whaley refers to Dr. Avelino's diagnosis of migraine headaches. However, the ALJ addressed Dr. Avelino's medical records. A.R. 20-21. On May 31, 2005, Dr. Avelino noted that Whaley complained of migraine for the past two weeks and found that Whaley "is only in moderate discomfort from the headache." A.R. 128, 149. Whaley was referred to Dr. Schultz, whose findings are discussed above. A.R. 147-148. Dr. Avelino's notes appear to corroborate Dr. Schultz's description of a flare-up of migraine headache in March 2004. A.R. 158-161. Dr. Avelino referred Whaley to Dr. Schultz, whose findings are discussed above. A.R. 159. Dr. Avelino's medical records do not contain functional limitations and are not inconsistent with Dr. Schultz's opinion or the ALJ's finding.

***Left Ankle***. The ALJ acknowledged that Whaley's left ankle condition constitutes a severe impairment. A.R. 23. The ALJ cites Dr. Kaufman's reports (Exs. 1F and 10F). A.R. 17-18. The ALJ found that Whaley obtained "long periods of relief" from pain from injections and repeats the injections when necessary. A.R. 18. The ALJ also cited a report from an examining physician, Dr. Singh. A.R. 18-19. The ALJ concluded that "neither Dr. Singh's examination or report nor other source information supports a work restriction." A.R. 19. The ALJ's findings are supported by substantial evidence.

Whaley argues that the ALJ does not address Whaley's pain, swelling, and limited range of motion from her left ankle condition. (JS at 10.) However, the ALJ did address those conditions. A.R. 18.

According to Dr. Kaufman, a treating physician, Whaley reported on April 21, 2005 that "when she stands up from a sitting position she gets popping and severe pain along the anterior lateral aspect of the left ankle. When she starts walking after the ankle pops it feels better." A.R. 125. On physical examination, Dr. Kaufman noted

---

set forth above, the diagnosis and treatment of a condition is not sufficient to prove disability.

"slight swelling," range of motion that "is markedly limited," and sounds "along the anterior lateral aspect of the ankle on motion." A.R. 126. Dr. Kaufman diagnosed "[s]evere ankle arthritis with inflammation of the extensor and lateral extensor structures." *Id.* Dr. Kaufman administered a corticosteroid injection and told her to return if this is not effective. *Id.* Dr. Avelino's subsequent note on May 31, 2005 indicates that "[c]ortizone seems to work very well." A.R. 128.

On September 13, 2005, Whaley returned to Dr. Kaufman for a second shot when the pain returned. A.R. 228. On examination, Dr. Kaufman found "slight swelling throughout the ankle, marked limitation of motion, and two tender areas." *Id.* Dr. Kaufman administered an injection. *Id.*

Whaley returned to Dr. Kaufman on August 22, 2006. Whaley stated that the steroid injection in September 2005 "helped significantly."[2] A.R. 227. Dr. Kaufman noted that "Patient walks with a normal gait." A.R. 226. On examination, Whaley had "slight-to-moderate swelling throughout the ankle with very little motion and marked crepitus [sound] with motion. There is tenderness over the entire anterior ankle joint." *Id.* at 227. Dr. Kaufman administered an injection. *Id.*

On November 7, 2005, Whaley was seen by an examining physician, Dr. Singh, who reviewed her medical records. A.R. 202. Like Dr. Kaufman, Dr. Singh noted "swelling around the left ankle area," and "limited range of motion in the left ankle." A.R. 204. Like Dr. Kaufman, Dr. Singh found that Whaley had a normal gait. A.R. 205. Whaley had "no problems walking from the waiting room to the examination room and getting on and off the examining table." A.R. 203. Dr. Singh opined that Whaley "is able to stand and walk for 6 hours. Sitting with no restrictions. Assistive device none. She would be able to lift and carry occasionally and frequently 20 and 10 pounds." A.R. 206. "Posturally, she will have problems with excessive climbing." *Id.*

---

[2] Whaley testified that a cortisone injection helps for a while. She still has pain but is able to move. She takes medication for pain. A.R. 245-246.

An examining physician's opinion based on clinical findings constitutes substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Here, the ALJ relied on the opinion of Dr. Singh, who took into account the pain, swelling and range of motion caused by Whaley's left ankle condition. The ALJ did not err.

**_Irritable Bowel Syndrome_**. The ALJ found "there is little here by way of objective findings, contemporaneous statements to treating physicians or the nature of treatment to establish that it [irritable bowel syndrome] impacts on the claimant's work capacity." A.R. 20. The ALJ's finding is supported by substantial evidence. Whaley argues that there is a medical record on January 6, 2004 noting that she was being treated for constipation and diarrhea. (JS at 11.) Again, however, the existence of an impairment is insufficient to prove disability.[3] *Matthews*, 10 F.3d at 680. There is no evidence in the medical record that irritable bowel syndrome affected Whaley's ability to work.

**D.     Pain As a Severe Impairment at Step Two**

At Step Two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not fewer than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical

---

[3] Whaley appears to complain that the ALJ did not reference the diagnosis and treatment plans of each physician. However, "the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). The ALJ addressed whether the medical records indicated any limitation on work function.

evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908.

"[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[4] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and internal quotations omitted). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d at 1290 (citations omitted). The ALJ is also "required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Id.* (citations omitted). The Commissioner does not consider age, education, and work experience. 20 C.F.R. § 404.1520(c).

The ALJ found that Whaley has "severe impairments of the left ankle and has other conditions." A.R. 23. Whaley argues that the ALJ's finding improperly failed to specify the "other conditions." (JS at 17.) Elsewhere in the opinion, however, the ALJ

---

[4] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 168 (internal quotations omitted); *Smolen v. Chater*, 80 F.3d at 1273, 1290 (9th Cir. 1996).

8

explained his alternative findings. The ALJ found that the left ankle impairment was severe "and that no other impairment meets this threshold standard." A.R. 16. The ALJ addressed each impairment in turn in detailed fashion. A.R. 17-21. Alternatively, the ALJ found that his ultimate conclusion as to nondisability would remain valid even if he considered the other impairments to be severe. A.R. 16.

Given the ALJ's alternative findings at Step Two and his statement that his conclusion as to nondisability would remain valid even if Whaley's stated impairments were found to be severe at Step Two, any error at Step Two is harmless and Whaley must show prejudice at a later step in the sequential analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682 (assuming error in failing to find obesity to be a severe impairment at Step Two, such error can prejudice claimant only at a later step in the sequential analysis when Step Two is otherwise resolved in claimant's favor); *see Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error that is inconsequential to the ultimate nondisability determination is harmless).

### E. ALJ's Consideration of Combined Effect of Claimant's Non-Exertional Impairments in Determining Residual Functional Capacity

Whaley argues that the ALJ erred in failing to consider the combined effect of her impairments. Whaley acknowledges that she has been able to work in the past despite pain from her left ankle and migraine headaches (JS at 19), but argues that her memory retention is worse. (*Id.*; A.R. 247-248.)

The ALJ stated that he considered "all severe and non-severe impairments and their interplay." A.R. 16. The ALJ's decision expressly considered pain from various sources and memory retention. A.R. 16-18. Whaley's argument that the ALJ did not consider the combined effect of her impairments is without merit.

### F. Plaintiff's Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

1         First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  Whaley satisfies the first prong.

         "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

         Here, the ALJ did not find that Whaley was a malingerer.  However, the ALJ found that Whaley's "allegations are credible only to the extent that they comport with Finding no. 5" as to residual functional capacity.  A.R. 23; *see also* A.R. 16 ("claimant presents as partially credible, but only as consistent with the aforementioned assessed work capacity").

         Whaley argues that the ALJ erred in discounting her testimony regarding pain.  (JS at 21.)  Whaley specifically addresses only one of the ALJ's stated reasons – the ALJ's finding that the information in Whaley's prior statements regarding her daily activities "suggests that the claimant's pain is not so frequent or intense so as to preclude all substantial gainful activity."  A.R. 18; (JS at 21-22.)  Whaley misconstrues the ALJ's finding.  The ALJ relied not only on Whaley's ability to perform daily activities, but also on her inconsistent statements about them.  A.R. 17-18.  The ALJ stated that he gave "greater weight to the claimant's contemporaneous statements to examiners."  A.R. 17.  For example, the ALJ relied on a "report of contact" in which Whaley said she is able to concentrate, focus and stay on track when reading (A.R. 18, 61), which is inconsistent with her testimony at the hearing.  *Compare* A.R. 247 (claimant not able to

///

concentrate or remember what she read in a book).  The ALJ may consider a claimant's inconsistent statements.  *Smolen*, 80 F.3d at 1284.

But even assuming the ALJ erred in relying upon Whaley's daily activities, the fact that the ALJ may have erred in one of his credibility findings does not automatically result in remand.  In *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid.  The court held that when an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and ultimate credibility determination*."  *Id.* at 1162 (italics in original). Therefore, when, as here, an ALJ articulates specific reasons for discounting a claimant's credibility, reliance on an illegitimate reason(s) among others does not automatically result in a remand.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("in light of all the other reasons given by the ALJ for Batson's lack of credibility and his residual functional capacity, and in light of the objective medical evidence on which the ALJ relied, there was substantial evidence supporting the ALJ's decision").

The ALJ articulated several reasons for discounting Whaley's credibility.  For ease of reference, this court groups those reasons into three categories: (1) most of Whaley's conditions are longstanding and did not prevent her from working; (2) the weight of the medical evidence does not support restriction on her functional ability; and (3) Whaley acknowledges that medication helps her pain.  A.R. 16-21.  The ALJ's reasons are supported by substantial evidence.

The ALJ properly found that Whaley has a work history notwithstanding problems sleeping, migraines, left ankle conditions, and irritable bowel syndrome.  A.R. 16-18, 20, 181, 202, 247.

The ALJ also properly relied on the absence of medical records supporting the severity of Whaley's allegations (A.R. 18-21), although this factor would not be sufficient

alone to discount her credibility.  *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

Whaley testified that she does obtain relief from pain medication and injections for some period of time before having to get another injection.  A.R. 17-18, 61, 154, 225-228, 245-247, 250.  Whaley acknowledged taking narcotic medication while she was working.  A.R. 252.

When, as here, "the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).

## IV.

## CONCLUSION

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 10, 2008

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

12